Filed 11/30/23  P. v. Martinez CA4/1
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>      v.<br><br>JAMES MARTINEZ,<br><br>      Defendant and Appellant. | D081288<br><br><br>(Super. Ct. No. SCS247733) |

APPEAL from an order of the Superior Court of San Diego County, Ana Espana, Judge.  Request for judicial notice granted.  Affirmed.

Sally Patrone, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Eric A. Swenson, Alan L. Amann and Heather M. Clark, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant James Martinez appeals after the trial court summarily denied his petition for resentencing under Penal Code[1] section 1172.6 (former section 1170.95) without an evidentiary hearing. Because Martinez was not convicted on a theory for which section 1172.6 potentially affords relief, we affirm the trial court's order.

## FACTUAL AND PROCEDURAL BACKGROUND

Given the nature of this case, and the restrictions on the evidence that may be considered, a lengthy recitation of the facts is unnecessary. The People charged Martinez and codefendant Sean O'Neil with two counts of attempted murder. (§§ 664, 187, subd. (a).) Count 1 involved the use of a firearm against the victim, R.R. As to count 2, the victim was a police officer and the attempted murder was allegedly accomplished by means of a motor vehicle. The second incident gave rise to three additional charges—assault with a deadly weapon on a peace officer, R.C. (§ 245, subd. (c), count 3), resisting an executive officer (§ 69, count 4), and evading an officer with reckless driving (Veh. Code § 2800.2, subd. (a), count 5). In 2012, a jury found both defendants guilty on all five counts with various enhancements.

In 2012, Martinez and O'Neil appealed their convictions, asserting multiple errors. As to Martinez, this court ordered a 30-year parole eligibility term stayed, but otherwise affirmed the judgment.[2] As to O'Neil, we reversed his convictions on counts 2 through 5 on the grounds of insufficient evidence.

---

[1]   Further section references are to the Penal Code unless noted otherwise.

[2]   We have taken judicial notice of the record on the previous appeal. (*People v. Martinez* et al. (July 23, 2014, D062720) [nonpub. opn.].)

Nearly a decade after his conviction, Martinez filed a petition under section 1172.6[3] requesting that his convictions for attempted murder—counts 1 and 2—be vacated and he be resentenced. His supporting declaration consisted of a preprinted form where he checked boxes that stated (1) a complaint, information, or indictment was filed against him that allowed the prosecution to proceed under a theory of felony murder, murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, or attempted murder under the natural and probable causes doctrine; (2) he was convicted of murder, attempted murder, or manslaughter following a trial, or accepted a plea offer in lieu of a trial at which he could have possibly been convicted of murder or attempted murder; and (3) he could not presently be convicted of murder or attempted murder because of changes made to sections 188 and 189, effective January 1, 2019. The People opposed Martinez's petition, and the trial court summarily denied it without issuing an order to show cause.

## DISCUSSION

Martinez asserts on appeal that the trial court erred in denying his resentencing petition at the prima facie stage. He contends the court inaccurately interpreted the jury's findings and that, because the jury received instructions on the natural and probable consequence doctrine, he is not facially barred from resentencing relief. We disagree.

When a trial court reviews a petition for resentencing under section 1172.6, it first determines if the petitioner has shown a prima facie case for

_____

3      Assembly Bill No. 200 (Stats. 2022, ch. 58, § 10) renumbered section 1170.95 to 1172.6, effective June 30, 2022.

relief under the statute. (*People v. Lewis* (2021) 11 Cal.5th 952, 971 (*Lewis*).) The court accepts the allegations as true and evaluates whether the petitioner would be entitled to relief if he or she proves the allegations. (*Ibid.*) The court may review the record of conviction, including to a limited extent any prior appellate opinion, to determine if the petitioner's allegations are rebutted by the record. (*Id.* p. 972.) But the court may not engage in factfinding and weighing credibility at the prima facie stage of petition review. (*Id.* at p. 971, citing *People v. Drayton* (2020) 47 Cal.App.5th 965, 979–980.)

A court's decision to deny a resentencing petition at the prima facie stage " 'is appropriate only if the record of conviction demonstrates that 'the petitioner is ineligible for relief as a matter of law.' [Citations.] This is a purely legal conclusion, which we review de novo.' " (*People v. Ervin* (2021) 72 Cal.App.5th 90, 101.)

In this case, the trial court indicated it had reviewed the jury verdict forms, the second amended information, the court minutes from the jury trial through sentencing, and the appellate opinion issued by this court in July, 2014. It found that Martinez was facially ineligible for resentencing on count 1 because he "was found to be the person who attempted to kill the victim by shooting him multiple times with a firearm." The court concluded that, as the direct perpetrator, Martinez was not convicted under a theory of felony murder or under the natural and probable consequences doctrine. Further, the court found Martinez was facially ineligible for resentencing on count 2 because he "was found by the jury to be the person who attempted to kill [the] Chula Vista police officer" and Martinez himself "was the person behind the wheel."

4

Martinez contends that the trial court erred by denying his section 1172.6 petition for relief without an evidentiary hearing. He asserts he was eligible for relief: (1) on count 1, because the trial court misinterpreted the record when it concluded Martinez personally discharged the firearm; and (2) on count 2, because the jury received a natural and probable consequences instruction. We address each count in turn.

A.    *Attempted Murder Using a Firearm—Count 1*

The jury received CALCRIM No. 600 on attempted murder with respect to counts 1 and 2, and CALCRIM No. 402 on natural and probable consequences doctrine *only* with respect to counts 2 through 5. Accordingly, we evaluate count 1, attempted murder using a firearm, without considering the natural and probable consequences doctrine instruction. The attempted murder instruction (CALCRIM No. 600) explicitly stated that the perpetrator must have "intended to kill" the victim. The jury found Martinez and his codefendant guilty of attempted murder using a firearm as charged in count 1.

Martinez is ineligible for resentencing as a matter of law on count 1 because he was convicted of *attempted* murder. The only theory of attempted murder specified by section 1172.6 is "attempted murder under the natural and probable consequences doctrine." (*Id.*, subd. (a); see *People v. Coley* (2022) 77 Cal.App.5th 539, 548 [the statute "applies by its terms only to attempted murder based on the natural and probable consequences doctrine"].) While Martinez's jury received a natural and probable consequences instruction, it was neither for count 1 nor Martinez's role in count 2, as we discuss below. Martinez acknowledges the instruction was "only given on count two."

5

Accordingly, Martinez was not convicted of attempted murder on count 1 on any theory implicated by section 1172.6.[4] (See, e.g., *People v. Estrada* (2022) 77 Cal.App.5th 941, 946 [summary denial of section 1172.6 petition affirmed where record demonstrated trial court did not instruct jury on natural and probable consequences doctrine; *People v. Offley* (2020) 48 Cal.App.5th 588, 599 ["if the jury did not receive an instruction on the natural and probable consequences doctrine, the jury could not have convicted the defendant on that basis, and the petition should be summarily denied"].)

B.   *Attempted Murder Using a Motor Vehicle—Count 2*

The jury also found Martinez and his codefendant O'Neil guilty of attempted murder using a motor vehicle as charged in count 2. We later reversed O'Neil's conviction on grounds of insufficient evidence. (*People v. Martinez et al., supra,* D062720.)

The Legislature effectively eliminated the natural and probable consequences doctrine for murder and attempted murder by adding subdivision (a)(3) to section 188, which states that "[m]alice shall not be imputed to a person based solely on his or her participation in a crime." (§ 188, subd. (a)(3), as amended by Stats. 2018, ch. 1015, § 2.) Under section 1172.6, a person convicted of attempted murder based on the natural and probable consequences doctrine may petition the sentencing court to vacate the sentence and be resentenced on any remaining counts if he could not have been convicted of attempted murder because of these statutory changes.

---

4    Given that Martinez's conviction on count 1 is facially ineligible for relief, we need not address whether the trial court misinterpreted the record when it stated that the jury found that "Martinez personally used and discharged a firearm."

6

(See *Lewis*, *supra*, 11 Cal.5th at pp. 959–960.) If the jury received no instructions on the natural and probable consequences doctrine, Martinez would be ineligible for relief as a matter of law. (*People v. Daniel* (2020) 57 Cal.App.5th 666, 677.)

In this instance, however, the jury *did* receive instructions on the natural and probable consequences doctrine. They were told that if "[d]uring the commission of Attempted Murder as charged in Count One, a coparticipant in that Attempted Murder as charged in Count One, committed the crimes [charged in Counts Two through Five]," then the *other* coparticipant in the count 1 attempted murder could also be guilty of the crimes charged in counts 2 through 5 if they were a "natural and probable consequence" of the first attempted murder. In other words, before it could resort to the natural and probable consequence doctrine to convict anyone on counts 2 through 5, it had to first determine there was a direct perpetrator of those crimes.

Here, the record clearly reveals that the jury convicted Martinez as the direct perpetrator on counts 2 through 5. The verdict forms conclusively establish—without fact finding or weighing of evidence—that Martinez was the one who attempted to murder R.C. using a motor vehicle. The People charged *only* Martinez with personally using "a deadly and dangerous weapon, to wit: a motor vehicle" (count 2). And the jury agreed, finding that Martinez, and only Martinez, "did personally use a deadly and dangerous weapon, to wit: a motor vehicle" in the commission of the attempted murder. Because the jury found that Martinez personally drove the car that hit R.C., it was required to find that *he* had the intent necessary for attempted murder. The instruction regarding the natural and probable consequences doctrine then permitted the jury, at least in theory, to impute Martinez's

7

murderous intent to his codefendant O'Neil. Martinez was not convicted under the natural and probable consequences doctrine; consequently, he is ineligible for resentencing relief under section 1172.6 as a matter of law.

## DISPOSITION

The order denying the petition for resentencing is affirmed.


DATO, Acting P. J.

WE CONCUR:


DO, J.


CASTILLO, J.